IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY S. KUDLA,**                          CASE NO. 5:21 CV 349

      Petitioner,

      v.                                               JUDGE JAMES R. KNEPP II

**KENNETH BLACK, WARDEN,**

      Respondent.                      **MEMORANDUM OPINION AND ORDER**

Petitioner Gregory S. Kudla ("Petitioner"), a prisoner in state custody, filed a *pro se* Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On January 31, 2023, Judge Parker issued an R&R recommending dismissal. (Doc. 16). Petitioner filed objections to the R&R. (Doc. 18).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed on February 11, 2021, stems from Petitioner's jury trial convictions in the Summit County Court of Common Pleas on charges of rape, sexual battery, gross sexual imposition, and disseminating matter harmful to juveniles. *See State v. Kudla*, 2016-Ohio-5215, at ¶¶ 2-4 (Ohio Ct. App.). The trial court sentenced Petitioner to a total of 42 and one-half years in prison. *Id.* at ¶ 4.

On direct appeal, Petitioner asserted four assignments of error:

> **Assignment of Error One:** The trial court erred in instructing the jury on the definition of force as an element of the rape charges.
>
> **Assignment of Error Two:** Appellant was denied the effective assistance of counsel at trial by the failure to object to the court's erroneous jury instruction and in the [cumulative] errors committed throughout the trial.
>
> **Assignment of Error Three:** The evidence was insufficient to support the findings of guilty on the charges of rape.
>
> **Assignment of Error Four:** Appellant's convictions were against the manifest weight of the evidence.

*See State v. Kudla*, 2016-Ohio-5215, at *1-16. The appellate court overruled Petitioner's assignments of error and affirmed his convictions on August 3, 2016. *Id.* at ¶ 65. On September 19, 2016, Petitioner appealed to the Ohio Supreme Court; the appeal asserted in support of jurisdiction a proposition of law related to the trial court's instruction on the definition of force as an element of rape. (Ex. 11, Doc. 6-1, at 135-48). The Ohio Supreme Court declined jurisdiction on February 22, 2017. (Ex. 14, Doc. 6-1, at 181).

On October 28, 2016, Petitioner filed a *pro se* application to reopen his direct appeal under Rule 26(B), in which he argued ineffective assistance of appellate counsel. (Ex. 15, Doc. 6-1, at 182-92). While Petitioner hinted in the application at assignments of error which he intended to make, his actual assignments of error were specifically listed in the exhibits attached to the application. *Id.* at 289-328.

Rule 26(B) allows for *pro se* applications to reopen a direct appeal; it requires the application be no more than ten pages and contain specific assignments of error not previously considered on the merits. Ohio App. R. 26(B)(2)(c); (4). Petitioner attached 385 pages of exhibits to his ten-page application. (Ex. 15, Doc. 6-1, at 192-577). The assignments of error were listed starting on the 107th page of attached exhibits. *Id.* at 289. While the state rule allows affidavits and parts of the record to exceed the ten-page limit, the Ohio appellate court denied the application

on January 27, 2017, for failure to comply with Rule 26(B), because "[w]ithin the ten pages of his actual application, . . . [Petitioner] fails to assert any specific assignment(s) of error that were not previously considered or that were considered on an incomplete record." (Ex. 18, Doc. 6-1, at 586-87).

On March 6, 2018, Petitioner filed a motion for reconsideration of the denial. (Ex. 25, Doc. 6-2, at 21). On April 17, 2018, the state appellate court denied the motion as untimely, as the deadline to move for reconsideration was ten days. (Ex. 29, Doc. 6-2, at 83-84 (citing App. R. 26(A)1)(a)). On May 15, 2018, Petitioner appealed this decision to the Ohio Supreme Court. (Ex. 30, Doc. 6-2, at 88). The court declined jurisdiction on July 5, 2018. (Ex. 33, Doc. 6-2, at 114).

Petitioner sought a writ of mandamus from the Ohio Supreme Court on the basis of ten complaints related to administrative actions of the state clerk of courts. (Ex. 34, Doc. 6-2, at 115-34). The state Supreme Court dismissed the petition and entered judgment for the State on the pleadings. (Ex. 37, Doc. 6-2, at 367).

Petitioner filed a second motion for reconsideration of his 26(B) application on April 16, 2020. (Ex. 48, Doc. 6-2, at 488). The state appellate court denied the motion for failure to demonstrate an obvious error in the original denial. (Ex. 52, Doc. 6-1, at 539). Petitioner appealed this decision to the Ohio Supreme Court, which again declined jurisdiction. (Ex. 56, Doc. 6-2, at 579).

Petitioner's habeas petition raised four grounds for relief:

**GROUND ONE:** Ineffective Assistance of Appellate Counsel (IAAC).

**GROUND TWO:** (Under IAAC) The trial court erred on two different occasions when it allowed, over objection, impermissible expert testimony which, directly or indirectly, improperly bolsters the credibility of the alleged victim to the prejudice of the defendant in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

**GROUND THREE:** (Under IAAC) The trial court erred to the prejudice of the defendant when it permitted the State to introduce testimony pertaining to additional discovery [disclosed] via email beyond the 21-day requirement of Crim.R.16(k) and Evid.R.403(A) in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

**GROUND FOUR:** (Under IAAC) The defendant was denied effective assistance of counsel and a fair trial when the video interview of the alleged victim with police was introduced without an expert to provide the jury with relevant information to make an educated determination of evidence "sufficiently beyond common experience," in violation of the Fifth, Sixth, and Fourteenth Amendments [to the] U.S. Constitution.

(Doc. 1, at 1-2).

In his R&R, Judge Parker recommends the Court find all four grounds procedurally defaulted (Doc. 16, at 29), or, for Grounds One, Two, and Four in the alternative, deny them on the merits, as Petitioner has not demonstrated the state court's decision was contrary to, or an unreasonable application of, clearly established federal law (Doc. 16, at 31). Judge Parker also denied Petitioner's motion to expand the record. *Id.* at 47.

### STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General

objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed 34 objections to the R&R. (Doc. 18). The Court agrees with Judge Parker, over Petitioner's objections, that all four grounds of Petitioner's habeas petition are procedurally defaulted.

<u>Procedural Default</u>

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion doctrine requires "that state prisoners give state courts a fair opportunity to act on their claims." *Id.* at 844 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). If a claim has not been raised at every stage of the state review process, it is not reviewable at the

federal level and is considered procedurally defaulted. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

Procedural default doctrine also prevents federal review of a case if a petitioner does not meet state procedural requirements for presenting his claim. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). If "the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is 'independent of the federal question and is adequate to support the judgment'", the federal court will not review the habeas petition. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

In the Sixth Circuit, a petitioner's claim is procedurally defaulted if: (1) the petitioner failed to comply with a state procedural rule; (2) the state court enforced the rule; (3) the state procedural forfeiture is an "adequate and independent" state ground on which the state can deny review of the federal constitutional claim entirely; and (4) the petitioner cannot show the default had cause and prejudice. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). As indicated by the last requirement, a court will review a petitioner's claim if he can show cause, an external factor which kept him from following the state rule, and prejudice, a reasonable probability that, on the merits, the outcome of his claim would have been different had the constitutional violation not occurred. *Coleman*, 501 U.S. at 750. A court will also review a petitioner's claim if there is new evidence the petitioner was actually innocent of the crime for which he was convicted. *Id.*

In the R&R, Judge Parker accurately stated this caselaw and correctly analyzed Petitioner's claims. Judge Parker begins by noting Petitioner raised a claim that Rule 26(B)(2)(c) is unconstitutionally vague in his habeas petition; because Petitioner raised it in the petition for the first time, rather than presenting it for review by Ohio courts, the claim is procedurally defaulted. (Doc. 16, at 21); *see also Wagner*, 581 F.3d at 418. And to the extent Petitioner "is attempting to

raise the substantive[] or underlying[] claims on which his ineffective assistance of counsel grounds are based, his application to reopen did not preserve those substantive grounds for habeas appeal." (Doc. 16, at 21); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012).

As to Petitioner's primary claims, Judge Parker concluded "the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is 'independent of the federal question and is adequate to support the judgment'" and the claims are procedurally defaulted. (Doc. 16, at 29). This Court agrees with Judge Parker's conclusion.

Each of the claims Petitioner seeks to present in his habeas petition was asserted in the attachments to his Rule 26(B) application. The Ohio appellate court declined to reopen Petitioner's direct appeal because he did not assert specific assignments of error within his application (in violation of Ohio App. R. 26(B)(2)(c)) and because the application far exceeded the ten-page limit (in violation of Ohio App. R. 26(B)(4)). (Doc. 6-1, at 586-87). Judge Parker concluded that enforcement of Rule 26(B)(2)(c) was independent, as it "was not in any way tied to federal law or [Petitioner]'s federal constitutional claims". (Doc. 16, at 23); *see also Lovins*, 712 F.3d at 295. Enforcement of Rule 26(B)(4) (at the time labeled as 26(B)(3)) was also unrelated to any federal claims – the rule is merely a page limit. (Doc. 16, at 23).

Judge Parker additionally concluded the enforcement of Rule 26(B)(2)(c) was adequate, as applications to reopen have been denied in Ohio at least 23 times since 1998 specifically due to insufficient assignment of error. (Doc. 16, at 23); *see also Stone v. Moore*, 644 F.3d 342, 347 (6th Cir. 2011) (a state procedural rule "is adequate if it was firmly established and regularly followed by the time it was applied") and *Walker v. Martin*, 562 U.S. 307, 320 (2011) (a rule is inadequate if its application is exercised "infrequently, unexpectedly, or freakishly"). While Judge Parker does not specifically detail prior enforcements of Rule 26(B)(4), this Court finds Ohio appellate courts

7

have regularly found exceeding the ten-page limit a valid basis for denial of an application to reopen. *See, e.g.*, *State v. Catron*, 2022-Ohio-4503, ¶ 10 (Ohio Ct. App); S*tate v. Churn*, 2019-Ohio-4052, ¶ 8 (Ohio Ct. App.); *State v. Caldwell*, 2002-Ohio-2751, ¶ 10 (Ohio Ct. App.); *State v. Townsend*, 2022-Ohio-4398, ¶ 18 (Ohio Ct. App.). The final denial of relief under Rule 26(B)'s procedural requirements, therefore, was based on adequate and independent state grounds.

Petitioner did not properly set forth grounds upon which his claim could be reviewed despite procedural default. In his habeas petition, Petitioner argued he misunderstood the requirements of Rule 26(B). *See generally* Doc. 1. Personal misunderstanding of the law is not an external cause which would have prevented Petitioner from properly making his claims. *See Coleman*, 501 U.S. at 750; *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Petitioner therefore cannot show cause and prejudice which would allow his claims to be reviewed.

Petitioner argued lack of review would result in miscarriage of justice based on "new evidence." (Doc. 1-14, at 56). This new evidence, Petitioner claimed, was a "cancelled/refunded invoice pertaining to [an] STD test ordered online . . . [which] offers reasonable doubt to the jury that [Petitioner] never diagnosed and treated himself of the chlamydia that the prosecutor conveyed to the jury he passed to the alleged victim." *Id.* At the outset, the Court notes, as did Judge Parker, that Petitioner's unawareness of whether he had chlamydia does not prove he did not have and pass on chlamydia. Additionally, Petitioner argued only that the evidence of the canceled STD test "offers reasonable doubt to the jury". (Doc. 1-14, at 56). The standard of innocence required for this Court to review a habeas claim despite procedural default is "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The upshot of the foregoing is that Petitioner "never obtained merits review of his ineffective assistance of appellate counsel claims – the same claims he now asserts in his habeas

8

petition – in the courts of Ohio." (Doc. 16, at 30-31). Petitioner's claims are therefore procedurally defaulted, and because he cannot show cause and prejudice to overcome the default, they must be dismissed.

Petitioner's Objections

Petitioner filed 34 objections in a 70-page document which takes issue with nearly every statement in Judge Parker's R&R. (Doc. 18). This Court reviewed Petitioner's objections *de novo*; the Court also reviewed Judge Parker's analysis and found he correctly concluded Petitioner procedurally defaulted all his claims.

It is worth pointing out that Petitioner almost immediately contradicts many of his own objections. For example, Petitioner argues "[T]he R&R incorrectly states that Petitioner 'argu[ed]' that he properly raised at least four assignments of error to reopen his direct appeal under Rule 26(B)." (Doc. 18, at 4). In the next paragraph, Petitioner writes that he "specifically argued that he 'raised and asserts [sic] four specific "genuine issues" . . . in the first ten pages of the "actual" application, that he construes to be assignments of error *within the context* of presenting a colorable claim of ineffective assistance of appellate counsel'". *Id.* at 5. Petitioner also argues that Judge Parker's statement that the state court's analysis of Petitioner's compliance with Rule 26(B) was not related to federal law or constitutional claims "is both contrary to law and contrary to fact." *Id.* at 8. Petitioner then admits that "App.R.26(B) [sic] is not compelled by the United States Constitution". *Id.*

Many of Petitioner's objections also take issue with Judge Parker's use of words that are merely synonyms or summarizations of Petitioner's chosen words. For instance, Petitioner objects to the R&R's statement that "based on [Petitioner]'s inclusion of these statements, it is understandable why [Petitioner] would think his Rule 26(B) application was distinguishable from

9

those submitted in cases in which the Ohio Court of Appeals enforced Rule 26(B)(2)(c)." *Id.* at 15 (citing Doc. 16, at 26). Petitioner states he takes issue with this sentence because "[t]he 'statements' that the R&R is referencing were actually Petitioner's 'arguments in support of assignments of error' required pursuant to (B)(2)(c)." *Id.* at 16. This Court finds Judge Parker's analysis is correct regardless of whether he calls Petitioner's writing "statements" or "arguments".

Upon review, this Court finds that the remaining objections which do not fall into the two latter described categories "merely restate[] the arguments previously presented and addressed by the Magistrate Judge[ and therefore do] not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren*, 2018 WL 3414322, at *2; *see also Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context."), and *Dolgencorp*, 277 F. Supp. 3d at 965 (general objections trigger only clear-error review). For example, many of the objections simply argue Petitioner did not violate Ohio App. R. 26(B). *See, e.g.*, Doc. 18, at 23.

Having performed a *de novo* review of Petitioner's specific objections, a clear error review of Petitioner's general objections, and a careful review of the R&R, the Court finds it is proper to adopt Judge Parker's R&R, denying the Petition on the basis of procedural default, over Petitioner's objections.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Parker's R&R (Doc. 16) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE